IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br><br>ANGELA DARLENE NEWELL,<br><br>Debtor. | Filed / Docketed<br>January 18, 2008<br>Case No. 06-10589-M<br>Chapter 7 |
| COLLISION CENTER OF TULSA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ANGELA DARLENE NEWELL,<br><br>Defendant. | Adv. Proc. No. 07-01098-M |

**ORDER DENYING REQUEST FOR ENTRY OF DEFAULT**

THIS MATTER comes before the Court pursuant to the Request for Entry of Default by the Clerk (the "Request") filed by Collision Center of Tulsa, Inc., Plaintiff herein, by and through its attorney, Luke Goodwin.[1]  The Court has reviewed the Request and other related pleadings in this adversary proceeding.  Upon review, it appears that the Plaintiff has not timely served a summons and the complaint upon either the Defendant, Angela Darlene Newell, or her attorney in the main bankruptcy case, Cynthia D. Hess.  For the reasons set forth below, the Request is denied without prejudice, and the Court will extend the time for Plaintiff to effectuate proper service.

**Background**

Angela Darlene Newell ("Defendant") filed an original petition for relief under Chapter 7

---

[1] *Docket No. 9.*


Case 07-01098-M   Document 13   Filed in USBC ND/OK on 01/18/08   Page 2 of 6

of the United States Bankruptcy Code on May 17, 2006.[2] On April 12, 2007, Cynthia D. Hess ("Ms. Hess"), entered an appearance as attorney on behalf of Defendant in that case and continues to serve in that capacity.[3] On August 6, 2007, Collision Center of Tulsa, Inc. ("Plaintiff") filed the present adversary proceeding in this Court, seeking to have certain debts owed by Defendant found nondischargeable pursuant to 11 U.S.C. § 523(a)(2).[4] On August 7, 2007, the Clerk issued a summons in this case.[5] On October 30, 2007, a Return of Service Affidavit was filed by Plaintiff's counsel, Luke Goodwin ("Mr. Goodwin"), indicating that the issued summons and complaint had been served on Defendant on September 24, 2007, by leaving a copy of said process at her usual place of residence.[6] Also on October 30, 2007, Mr. Goodwin filed a Certificate of Service certifying that on that same day he "electronically transmitted copies of the Adversary Complaint and Summons" to Ms. Hess, and gave two email addresses to which the documents were transmitted.[7] After receipt of an Order to Show Cause why this case should not be dismissed for lack of activity, Plaintiff responded by filing the Request.

**Discussion**

Federal Rule of Bankruptcy Procedure 7004(e) states:

(e) Summons: time limit for service within the United States

---

[2] Case No. 06-10589-M, *Docket No. 1*.

[3] Case No. 06-10589-M, *Docket No. 33*.

[4] *Docket No. 1.*

[5] *Docket No. 4.*

[6] *Docket No. 6.*

[7] *Docket No. 7.*

2

> Service made under Rule 4(e), (g), (h)(1), (I), or (j)(2) F.R.Civ.P. **shall be by delivery of the summons and complaint within 10 days after the summons is issued.** If service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within 10 days after the summons is issued. If a summons is not timely delivered or mailed, another summons shall be issued and served. This subdivision does not apply to service in a foreign country.[8]

The summons issued on August 7, 2007, was not served by Plaintiff on Defendant until September 24, 2007.  Attempted service was not made on Ms. Hess until October 30, 2007.[9]  As such, proper service was not accomplished on either Defendant or her counsel within the 10 days required by Rule 7004(e).  Because more than 10 days have passed since the August 7, 2007, summons was issued, proper service of the summons on Defendant and her counsel is no longer possible, and it must be quashed.[10]

Federal Rule of Civil Procedure 4(m), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7004(a)(1), states:

> (m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--

---

[8] Fed. R. Bank. P. 7004(e) (emphasis added).

[9] As the Court noted in a text-order filed on January 4, 2008, it also does not appear that Ms. Hess was properly served as required by Federal Rule of Bankruptcy Procedure 7004(g).  While Federal Rule of Civil Procedure 5(b)(2)(E) allows service on Ms. Hess by electronic means, that form of service is ineffective unless Plaintiff can show that Ms. Hess has consented to such service in writing.  While Federal Rule of Civil Procedure 5(b)(3) provides Plaintiff with an alternative means of service through the use of the Court's CM/ECF transmission facilities, those facilities were not utilized in this case.  *See Inman v. Cleveland Clinic Found. (In re Inman)*, Slip copy, 2007 WL 781940 (Bankr. N.D. Ohio March 12, 2007).  *See also U.S. v. Flowers*, 464 F.3d 1127, 1131 (10th Cir. 2006).

[10] *See In re Greater Southeast Community Hosp. Corp. I*, 2006 WL 3289279, *1 (Bankr. D.D.C. Nov. 8, 2006) ("Accordingly, proper service was not accomplished within the time limit imposed by F.R. Bankr.P. 7004(e) of 10 days after issuance of the summons, and the attempted service of the summons after the 10-day deadline had passed was a nullity."); *Ruthe v. Dohring (In re Dohring )*, 245 B.R. 262, 263 (Bankr. N.D. Tex. 2000) ("The summons, as served, was expired and therefore service of it was a nullity and should be quashed.").

>must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Courts have held that allowing an extension of time to serve the defendant without a finding of "good cause" is within the discretion of the Court.[11] Here, as indicated by the filing of the Request, Plaintiff was under the impression that Defendant had been properly served, and therefore likely believed that no further attempts at service were necessary. If the Court were to dismiss the present adversary at this juncture, Plaintiff would be prejudiced because the time for filing a nondischargeability action has run. The Court does not believe that Plaintiff or its counsel has been purposely dilatory in achieving service on Defendant and her attorney in this case.

The Request shall be denied for lack of proper service. The Court will exercise its discretion to enlarge the 120-day period for Plaintiff to properly serve Defendant and her counsel without requiring a further showing of cause. The Clerk of this Court shall issue a new summons in this case. If proper service is not effectuated within 10 days of the issuance of the summons, the Plaintiff may apply to the Clerk for an alias summons. Plaintiff is given until February 7, 2008, to effectuate proper service on Defendant and her counsel, and to certify service of same to this Court. If no certificate of service has been filed by that time, which indicates service of a summons and the complaint on Defendant and her counsel, this case may be dismissed pursuant to Federal Rule of Civil Procedure 4(m), or it may be set for further hearing.

## Conclusion

For the reasons set forth above,

---

[11] *In re Dohring*, 245 B.R. at 264.

IT IS THEREFORE ORDERED that the Request for Entry of Default by the Clerk, filed by Collision Center of Tulsa, Inc., by and through its attorney, Luke Goodwin, *at Docket No. 9*, shall be, and hereby is, denied without prejudice.

IT IS FURTHER ORDERED that service on Angela Darlene Newell, Debtor and Defendant herein, by the expired August 7, 2007, summons be, and the same hereby is, quashed.

IT IS FURTHER ORDERED that the Clerk shall immediately issue a new summons in this adversary proceeding, and further summonses upon request of the Plaintiff if it fails to make service within the 10-day deadline of Fed. R. Bankr. P. 7004(e).

IT IS FURTHER ORDERED that the time under Fed. R. Civ. P 4(m) to serve a summons and the complaint is enlarged to February 7, 2008.

Dated this 18th day of January, 2008.

BY THE COURT:

TERRENCE L. MICHAEL
UNITED STATES BANKRUPTCY JUDGE

5118.3

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2008, I mailed by first-class United States mail a true and correct copy of the foregoing Order to the parties listed below:

Angela Darlene Newell
3231 S 225TH W. AVE
SAND SPRINGS OK  74063

Cynthia D. Hess
SUITE 801
5801 EAST 41ST STREET
TULSA OK  74135-5630

*Judy Johnson*